LEWIS v. HARRIS, trustee.

PER CURIAM. 1. The plaintiff brought a trover action for eight buggies and two surreys against a trustee in bankruptcy of a dealer from whom he claimed to have purchased them. He testified that, a few days prior to his vendor's bankruptcy, he exchanged certain live stock with the bankrupt for certain number of buggies and surreys, which were not identified in the contract of sale, nor separated from the general stock, nor was any sale memorandum thereof made on the bankrupt's books. Further testifying, he said: "I was not particular about which one I would take, and did not care. I let him [the bankrupt] have my stock, and took it in buggies. That is, we swapped these horses for buggies, to get them when I got ready, or leave them until auction day; that I might get out some before, and might not; that I would get them when I got ready for them." The testimony further disclosed that the bankrupt had more than 30 buggies in his warehouse when a receiver was appointed by the bankrupt court, and that just before the institution of the bankruptcy proceedings "quite a number" of buggies had been surreptitiously taken from the bankrupt's warehouse. The testimony was too indefinite to show a sale of any particular vehicle, and the court did not err in granting a nonsuit.

2. The foregoing ruling renders it unnecessary to pass on the other assignments of error.

*Judgment affirmed. All the Justices concur.*
FEBRUARY 25, 1916.

Trover. Before Judge Patterson. Forsyth superior court. August 25, 1914.

*George F. Gober* and *G. B. Walker,* for plaintiff.
*J. P. Brooke* and *C. L. Harris,* for defendant.